626 A.2d 1090

NANCY STRUMPH, PLAINTIFF–RESPONDENT, v. SCHERING CORPORATION, DEFENDANT–APPELLANT.

Argued March 2, 1993—Decided July 13, 1993.

*Russell L. Hewit* argued the cause for appellant (*Dughi and Hewit,* attorneys; *Mr. Hewit, Christopher J. Christie,* and *Mary Elizabeth Gazi,* on the briefs).

*Earl G. Kauffman,* a member of the Pennsylvania bar, argued the cause for respondent (*Jack E. Milkis,* attorney; *Mr. Kauffman* and *Mr. Milkis,* on the brief).

*John B. Kearney* submitted a brief on behalf of *amicus curiae* Pharmaceutical Manufacturers Association (*Kenney & Kearney,* attorneys).

PER CURIAM.

The judgment is reversed, substantially for the reasons expressed in Judge Skillman's dissenting opinion for the Appellate Division, reported at 256 *N.J.Super.* 309, 323, 606 *A.*2d 1140 (1992).

O'HERN, J., dissenting.

I would affirm the judgment below substantially for the reasons stated by the majority of the Appellate Division, 256 *N.J.Super.* 309, 606 *A.*2d 1140 (1992). I write only to emphasize the special significance of the learned-intermediary doctrine in this case. The theory of that doctrine is that a pharmaceutical manufacturer has no independent duty to warn patients of the side effects of medication. The manufacturer's duty is to warn the physician, the learned intermediary, who in turn is presumed by the law to have informed the patient of the side effects. *Niemiera v. Schnieder,* 114 *N.J.* 550, 555 *A.*2d 1112 (1989). Just as we apply an "objective test" to evaluate the informed-consent rights of the patient in terms of what a prudent person in the patient's position would have done if suitably informed of the risks of treatment, *Largey v. Rothman,* 110 *N.J.* 204, 216, 540 *A.*2d 504 (1988), we should apply an objective test to evaluate what a prudent physician would have done if informed of the risks of this medication. This case presents a factual issue on whether a prudent physician would have informed plaintiff of the side effects of her medication. See

*Bravman v. Baxter Healthcare Corp.,* 984 *F.*2d 71, 75 (2nd Cir. 1993) (holding that a question on proximate cause remained for resolution despite testimony by doctor that if he had been informed by healthcare company of defect in mechanical heart valve he still would not have warned patient).

*For reversal*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER and STEIN—4.

*For affirmance*—Justice O'HERN—1.